UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARIAMA MOORE, | Case No. 23-CV-0905 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| KRISTINE LANCASTER and MINNESOTA JUDICIAL BRANCH, | |
| Defendants. | |

Plaintiff Mariama Moore claims that defendants Kristine Lancaster and the Minnesota Judicial Branch unlawfully discriminated against her by failing to hire her.[1] Moore did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court for review.

The Court has reviewed the IFP application and concludes that Moore qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91

---

[1] This action is one of six employment-discrimination lawsuits filed by Moore on the same day. *See Moore v. Hennepin County*, No. 23-CV-0904 (ADM/ECW); *Moore v. Robert Half Int. Inc.*, No. 23-CV-0906 (JRT/ECW); *Moore v. Allina Health System*, No. 23-CV-0907 (JWB/TNL); *Moore v. US Bank Nat'l Ass'n*, No. 23-CV-0908 (WMW/LIB); and *Moore v. Dry Goods, LLC*, No. 23-CV-0909 (PAM/DJF).

F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Moore has not pleaded a single substantive factual allegation.  *See* Compl. ¶ 10 [ECF No. 1].  Accordingly, there is absolutely no basis in the complaint from which a reasonable factfinder could conclude that defendants' failure to hire Moore was on account of her race, or her gender, or her disability status, or any other impermissible factor.  A claimant must allege more than merely that she was the victim of discrimination to state a claim on which relief may be granted under federal law.  *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013).  Because Moore has alleged nothing beyond that she has been discriminated against, she has not stated a

claim on which relief may be granted, and this case is dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* of plaintiff Mariama Moore [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 17, 2023                   s/Patrick J. Schiltz_____
                                        Patrick J. Schiltz, Chief Judge
                                        United States District Court